UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALVIN MOSBY,<br>      *Plaintiff*,<br><br>      v.<br><br>BOARD OF EDUCATION OF THE CITY<br>OF NORWALK,<br>      *Defendant*. | No. 3:15-cv-01876 (JAM) |

**ORDER STRIKING AMENDED COMPLAINT
AND DENYING MOTION TO DISMISS**

Plaintiff Alvin Mosby has filed this *pro se* action against defendant Board of Education of the City of Norwalk. Plaintiff alleges that he is a black male and that defendant discriminated against him on the basis of his race by amending plaintiff's retirement plan in a way that favors white employees. Plaintiff further alleges that defendant released confidential information to a blogger in retaliation for plaintiff's prior complaints of discrimination.

On September 20, 2016, the Court granted in part and denied in part defendant's prior motion to dismiss (Doc. #14). The Court dismissed plaintiff's claim of disparate treatment for lack of facts or any allegations to show discriminatory intent, but otherwise denied dismissal of plaintiff's claim of disparate impact and retaliation. *See* Docs. #25, #27 at 44. The Court denied plaintiff's disparate treatment claim without prejudice to plaintiff's filing of an amended complaint within 30 days setting forth any facts to support a claim of intentional discrimination amounting to disparate treatment. Doc. #27 at 44.

On October 20, 2016, plaintiff filed a document that is titled "PLAINTIFF'S AMENDED RETALIATION COMPLAINT." Doc. #28. Notwithstanding its title, the document filed by plaintiff bears no resemblance to a complaint. *See* Fed. R. Civ. P. 8(a)(2) (complaint must set

forth "a short and plain statement of the claim showing that the pleader is entitled to relief"). Instead of alleging specific facts and claims, plaintiff's filing is replete with legal argument in support of the validity of plaintiff's retaliation claim (a claim that was not dismissed by the Court in the first instance). Plaintiff's filing is so disjointed that it would be unfair to defendant to require defendant to attempt to file an answer.

Moreover, plaintiff's filing wrongly states that the Court's prior order "mandated that the Plaintiff must address Retaliation only," Doc. #28 at 4, when in fact—as the transcript shows—the Court gave leave to plaintiff to file an amended complaint to allege any additional facts in support of his claim of intentional disparate treatment with respect to his claim of discrimination arising from the amendment to his retirement plan (as distinct from his claim of retaliation with respect to his claim arising from defendant's alleged release of confidential information to a blogger). *See* Doc. #27 at 44.

In response to plaintiff's filing, defendant has filed a motion to dismiss for failure of plaintiff to file "an acceptable Amended Complaint" in compliance with the Court's order. Doc. #30 at 3. I conclude that the appropriate course of action here is to strike plaintiff's purported "amended complaint" for failure to comply with the basic rules of legal pleading and because it has been filed on the apparent basis of plaintiff's misinterpretation of the Court's prior order. Accordingly, the operative complaint in this case shall be plaintiff's initial complaint (Doc. #1).

I will otherwise deny defendant's motion to dismiss this action in its entirety. Although plaintiff did not properly avail himself of the opportunity to file an amended complaint to allege facts in support of his disparate treatment claim (as distinct from his retaliation claim), his failure to do so should not prejudice his right to pursue those remaining claims of disparate impact and retaliation that I have previously ruled should not be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's improper amended complaint (Doc. #28) is STRICKEN, and defendant's motion to dismiss (Doc. #30) is DENIED. The parties shall proceed with discovery in accord with the Court's prior scheduling order (Doc. #25).

It is so ordered.

Dated at New Haven, Connecticut, 9th day of November 2016.

        /s/ *Jeffrey Alker Meyer*
        Jeffrey Alker Meyer
        United States District Judge